UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
THEODORE RAVENELL,

                    Plaintiff,
                                          MEMORANDUM & ORDER
          -against-                       18-CV-6010(JS)(AKT)

COUNTY OF NASSAU, NASSAU COUNTY
LEGAL AIDE SOCIETY, LEGAL AIDE
ESTEFANIA TARANTO, PETER MENOUDAKOS,
JUDGE DOUGLAS LEROSE, DOMINIC
DIMAGGIO, A. GRAVIN, J. PECCA,

                    Defendants.
----------------------------------X
THEODORE RAVENELL,

                    Plaintiff,

          -against-                       19-CV-2941(JS)(AKT)

PETER MENOUDAKOS, JR.,
CHRISTOPHER DEVANE, JUDGE
DOUGLAS LEROSE,

                    Defendants.
----------------------------------X
THEODORE RAVENELL,

                    Plaintiff,
          -against-                       19-CV-2942(JS)(AKT)

NASSAU COUNTY PROBATION DEPARTMENT,
DOMINIC DIMAGGIO, A. GRAVIN,
J. PECCA,

                    Defendants.
----------------------------------X

```
-----------------------------------X
```
THEODORE RAVENELL,

                    Plaintiff,

        -against-                       19-CV-2943(JS)(AKT)

NASSAU COUNTY CORRECTIONAL SERVICES
DEPT., DR. HENNING, RN SANDRA JONES,
SGT. CUNNINGHAM, CPL. LANNING, C.O.
BYZENTE,

                    Defendants.
```
-----------------------------------X
```
APPEARANCES
For Plaintiff:        Theodore Ravenell, pro se
                    353 Hempstead Turnpike, Apt. 2
                    Elmont, New York 11003

For Defendants:
Legal Aide Society
of Nassau County,
and Estefania
Taranto:               Gregg D. Weinstock, Esq.
                    Karolina M. Wiaderna, Esq.
                    Vigorito, Barker, Patterson, Nichols
                      & Porter LLP
                    300 Garden City Plaza, Ste. 308
                    Garden City, New York 11530

For All Other
Defendants:          No Appearances.

SEYBERT, District Judge:

        Pending before the Court are four civil rights Complaints filed by pro se plaintiff Theodore Ravenell ("Plaintiff"). Because the Complaints concern the same underlying state court criminal proceeding, the Complaints are CONSOLIDATED pursuant Federal Rule of Civil Procedure 42. For the reasons

outlined in this Order, Plaintiff's applications to proceed <u>in</u> <u>forma</u> <u>pauperis</u> are GRANTED. However, Plaintiff's claims are DISMISSSED, IN PART, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

BACKGROUND

I.   <u>18-CV-6010(JS)(AKT) Ravenell v. Cty. of Nassau, et al.</u>
<u>("Ravenell I")</u>

On June 5, 2018, Plaintiff filed a Complaint in the New York State Supreme Court, County of Nassau, against the County of Nassau[1], the Nassau County Legal Aide Society ("Legal Aide"), and Legal Aide Estefania Taranto ("Taranto") alleging a deprivation of his constitutional rights in connection with, <u>inter</u> <u>alia</u>, Taranto's representation of Plaintiff during an underlying criminal prosecution (the "state criminal case") and seeking to recover a damages award in the sum of $1 million. (<u>See</u> Compl.,[2]

---

[1] The Court notes that the "County of Nassau" was preprinted in the caption on the form Plaintiff used for his state court Complaint. Upon review of the Complaint, Plaintiff does not appear to allege any claims against, or seek relief from, the County of Nassau. Moreover, the Amended Complaint filed by Plaintiff in this Court on April 25, 2019 does not include the County of Nassau as a party. Accordingly, Plaintiff's claims against the County of Nassau are DISMISSED WITHOUT PREJUDICE.

[2] The Court will use the page numbers assigned by the Court's Electronic Case Filing System ("ECF") when referring to the Complaint. The entireComplaint can be found at Docket Entry 1 at ECF pp. 9-16.

at ECF pp. 9-10.)

Defendants removed Plaintiff's Complaint to this Court on October 26, 2018 and filed a motion to dismiss the Complaint on February 1, 2019. Given Plaintiff's failure to oppose the motion to dismiss, and to comply with the Court's March 20, 2019 Electronic Order which ordered Plaintiff to respond to the Electronic Order, the Court issued an Electronic Order to Show Cause requiring Plaintiff to, by April 25, 2019, either file opposition to the motion to dismiss or file a letter indicating a willingness to proceed with the case but not file opposition and an affidavit showing good cause for his failure to comply with the Court's March 20, 2019 Electronic Order. The Court stayed this case pending its review of these filings. (See Apr. 11, 2019 Elec. Order.)

On April 25, 2019, Plaintiff filed a letter asking the Court to "forgive [ ] my lateness in addressing this matter [because] I am a person with disabilities, psychological in nature." (Letter, D.E. 17, at 1.) Plaintiff also filed, on April 25, 2019, an unauthorized Amended Complaint, a Supplement to his Amended Complaint, and another application to proceed in forma pauperis.[3] Plaintiff did not file opposition to the motion to

_____

[3] Plaintiff's Amended Complaint, (D.E. 18), and Supplemental Amended Complaint, (D.E. 18-1), are hereinafter referred to as

dismiss or a statement expressing a willingness to proceed with the action but not file opposition to the motion to dismiss.

Given Plaintiff's pro se status, the Court has reviewed the Amended Complaint and construes it as an expression of Plaintiff's willingness to proceed with this action and as a Supplement to his Complaint. Accordingly, the Court now LIFTS THE STAY, and DENIES the application to proceed in forma pauperis filed on April 25, 2019 as MOOT, because Defendants paid the filing fee when this case was removed to this Court.

The Supplement continues to name Legal Aid and Taranto as Defendants, but also adds Plaintiff's 18B attorney Peter Menoudakos, Jr. ("Menoudakos"), Judge Douglas Lerose ("Judge Lerose"), the Chief Attorney of Nassau County Probation Dominic DiMaggio ("DiMaggio"), Probation Supervisor A. Gravin ("Gravin"), and Probation Officer J. Pecca ("Pecca"). The Complaint and the Supplement allege that DNA evidence was improperly used against Plaintiff in the underlying criminal case and, in conclusory fashion, that all Defendants conspired against Plaintiff to deprive him of his constitutional rights. (See generally Compl. and Supp.) Plaintiff's Complaint alleges that:[4]

_____

"Supplement;" see also Plaintiff's Second IFP Motion, (D.E. 19).

[4] Excerpts from the Complaints and Supplement are reproduced here exactly as they appear in the original. Errors in spelling,

Judge Lerose did violate Mr. Ravenell's constitutional amendment rights. Ms. Taranto was assigned to my case an entire year and not once did Ms. Taranto mention anything about a DNA inclusion. It took Judge Lerose an entire year to convict me. By waiting so long to convict me after arraignment Judge Lerose lost his jurisdiction to extract a DNA sample for inclusion. These are the things in a trial that Ms. Taranto should have known about or expected. I entered a plea deal 2/26/16 with Taranto, and she being my public defender DID not defend my constitutional or amendment rights and allowed Judge Lerose to violate me and my rights. CPL rules that the Courts have 45 days to collect a DNA sample for inclusion. So because Judge Lerose lost his jurisdiction over my DNA sample and its inclusion into the databank. Ms. Taranto and Peter Menoudakos knew or should have known that Judge Lerose did in fact along with the ADA and the District Attorney office DID in fact conspire to rob Mr. Ravenell of his civil liberties and his freedom.

(Compl. ¶ 5, at ECF p. 9.) Plaintiff also alleges in his

Complaint that:

> Judge Lerose accepted a plea bargain deal with Estefania Taranto as legal aide on 1/21/16 a plea deal was accepted by Judge D. Lerose with all petit larceny's and felonies. NYS requires a DNA inclusion at the end of every conviction. Now in 2007 I had a DNA inclusion that I dodged because I did not know about it. In 2007 the DNA ruling was an administration regulations ruling. So at the time the courts were not required to extract samples. It was on a voluntary basis. I never received a notice from the court. So by accepting my plea Judge Lerose had 45 days from the plea to conviction to extract. My conviction took one

---

punctuation, and grammar have not been corrected or noted.

> year to depose. I accepted plea deal 1/21/16
> so 45 days from that date would make it between
> March 3 to March 25 give or take two weekends.
> So legally Judge Lerose finalized the plea in
> March with two months of (CRP) conditional
> release to probation. So this is what Douglas
> Lerose does, because he knows he can not
> extract a DNA sample. He cook's the legal
> books by despencing his own laws and breaking
> the law by going into a closed petit larceny
> case and using the DNA article on the 2007
> conviction date 6/1/2007 NYSID# 5406013R and
> used this information as an extortion tool .
> . . . All of the attorneys in the case entered
> into a conspiracy with Douglas Lerose, who
> does not deserved to be called a judge when he
> placed that inadmissible defective article of
> my probation conditions. He basically said
> fuck the constitution and violated mine in the
> process. . . .

(Compl., at ECF pp. 11-12.)

The Supplement is largely the same. Plaintiff continues to complain about the representation provided by his "three incompetent lawyers Estafania Taranto, Peter Menoudakos, and Christopher Devane" and alleges that "if not for these three inept stooges I would not have gone to jail behind fraudulent jurisdictional issues." (Supp. ¶ III.C., at ECF p. 6.) However, in addition to the challenges to his criminal conviction based on his guilty plea, Plaintiff also complains in the Supplement that, on April 19, 2016, he was assaulted by two Nassau County Police officers and suffered injuries to his back, neck, and knees. (Supp. ¶ IV., at ECF p. 7.) Plaintiff claims that he "filed a

report with I.A. [on] April 20, 2016 . . . [and] slipped at the top of Courthouse stairs and fell down flight rushed to Winthrop." (Supp. ¶ IV., at ECF p. 7.)  Plaintiff next describes another injury, alleged to have occurred on May 16, 2017, wherein he "fell off prison bus at DOCS facility head, neck, back, knees injured. Staff took my case, I was made to hobble up & down Courthouse stairs.  And I suffered a third fall when DOCS staff put me in a cell with no wheel chair access."  (Supp. ¶ IV., at ECF pp. 7, 13.)

For relief, Plaintiff "would like the Court to investigate" and seeks to recover a damages award in the total sum of $1 million dollars.  (Compl. ¶ 8, at ECF p. 10; Supp. ¶ V., at ECF p. 7.)

II. <u>19-CV-2941(JS)(AKT) Ravenell v. Menoudakos, Jr., et al.</u> <u>("Ravenell II")</u>

On May 16, 2019, Plaintiff filed three more Complaints relating to the same, underlying state court criminal conviction as he alleged in <u>Ravenell I</u>, together with applications to proceed <u>in forma pauperis</u> in each case.  The Complaint in <u>Ravenell II</u> is submitted on the Court's Section 1983 complaint form and names Judge Lerose and Plaintiff's 18B lawyers, Menoudakos, and Devane, as Defendants.  Like <u>Ravenell I</u>, Plaintiff complains about rulings made by Judge Lerose and the representation by Menoudakos and

Devane during the underlying state criminal case.  Plaintiff again challenges his conviction by alleging that inadmissible evidence, namely DNA evidence, was used against him in violation of his due process rights.  In its entirety, Plaintiff's Statement of Claim alleges:

A. Judge Lerose lost DNA jurisdiction as of 12/6/2016 sentence date.  Mr. Menoudakos was never supposed to be my lawyer.  He represented me against my will.  Christopher Devane was fired as Judge Lerose reassigned him.

B. 12/6/2016 at sentencing is when my constitutional rights were violated.  Judge Lerose know he violated my rights when he lost DNA jurisdiction in March of 2016.

C. Judge Lerose used inadmissible evidence to garner a conviction.  This information came from a 2007 conviction which also had a lapsed DNA inclusion that the state could not enforce.  The judge used this information to create a conspiracy to force a DNA inclusion.  After he reassigned LA Taranto he used Menoudakos and had the charge reduced.  All parties were privee. I spoke to all officials in the court system.  The District was involved all the lawyers, I had knew because I complained to anyone who would listen.  Ms. Taranto was assigned my case in Feb./March, she failed to up hold the colores of state when she failed to realize when Judge Douglas Lerose lost his jurisdiction to the DNA inclusion that must be met.  The DNA inclusion has a limitation after a certain amount of time has elapsed.  The DNA inclusion window closes after forty days after arraignment. So if a Judge times elapses on DNA inclusion and the judge pasts his limitation of the statuts DNA inclusion can no longer be enforced.  So a judge can't leave anything

> up to the next Dep't like say probation to catch anything the Judge may lose jurisdiction on a closing. My rights have been violated by every state official in the criminal justice dept. When Miss Taranto was my lawyer for a entire year, and Judge Lerose would not lower the charge at all. When Mr. Menoudakos was assigned, the Judge "Lerose" actively lowered the charge from petit larceny to attempted petit larceny. Judge Lerose could not illegally sentence me with one year probation without lowering the charge now where is what he did legal.

(Ravenell II, Compl., D.E. 1, ¶ III., at ECF pp. 5-6.) Although the allegations in this Complaint relate solely to the underlying state court criminal prosecution, in the space on the form Complaint that calls for a description of any claimed injuries, Plaintiff alleges

> After I was injured while being illegally detained and imprisoned in DOCS he fall from prison bus injured head neck back knees hip feet. I have had several operation knees & foot still need more surgerys.

(Ravenell II, Compl. ¶ IV., at ECF p. 7.) For relief, Plaintiff seeks

> . . . justice. I want everyone involved to pay charges for the misuse of judicial power, I want financial compensation. The basis for these claims are the Judge violated my constitutional rights all the lawyers and probation staff all conspired to violate my rights. I also filed complaints with the state.

(Ravenell II, Compl. ¶ V., at ECF p. 7.)

III. <u>19-CV-2942(JS)(AKT) Ravenell v. Nassau Cty. Probation</u>
    <u>Dep't, et al. ("Ravenell III")</u>

       <u>Ravenell III</u> was also filed on May 16, 2019 together

with an application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.  It is submitted

on the Court's Section 1983 Complaint form and names the Nassau

County Probation Department, Dominic DiMaggio, Chief Attorney of

Probation Department ("DiMaggio"), and two probation officers, A.

Gravin and Pecca, as Defendants.  Like <u>Ravenell I</u> and <u>II</u>, Plaintiff

complains that he was deprived of due process during the underlying

state criminal case.  Plaintiff again challenges his conviction

by alleging that inadmissible evidence, namely DNA evidence, was

used against him in violation of his due process rights.  In its

entirety, Plaintiff's Statement of Claim alleges:

> A. 12/6/2016 probation report condition
>    illegale supervisor A. Gravin threaten to
>    have me incarcerated if I did not comply
>    with DNA inclusion.
> B. March 20, 2017 P.O. Gravin said if I did
>    not do what I was told to do she would put
>    me in jail.  (I have that conversation
>    recorded on tape).
> C. Fact one: Judge Lerose did illegal
>    probation sentencing 12/6/2016 using a
>    defective article on a prior conviction.
>    The Judge wrote in a stipulation on the
>    probation condition that I owed a DNA
>    inclusion, who else was involved, the
>    entire clerk's office, the DA's office,
>    every one of my lawyers.  This Judge broke
>    the law.  He lost his jurisdiction in a
>    case.  He cheated he could not except that
>    he made a mistake.  He should have let it
>    go by him using the Court to conspire

against me broke the law that he serves.

(<u>Ravenell III</u>, Compl. ¶ III., at ECF p. 6.)  Plaintiff also filed
a one-page attachment to this Complaint.  In its entirety,
Plaintiff alleges:

> Probation officer Pecca was the only probation
> official who listened to me.  I explained to
> Officer Pecca on Dec. 6, 2016 at probation
> that the Judge Lerose illegally sentenced me.
> And that I need time to pull this case back in
> front of the sentencing Judge.  I explained
> to P.O. Pecca that I would only give urine
> samples and no DNA.  He said he had no problem
> with that so during the course of fourth
> months no problems.  Then Pecca's supervisor
> is brought in.  And she tells me that I have
> to go to a drug dependency screening at drug
> & alcohol. I refused to go.  She threatened
> me and told me she would lock me up if I did
> not comply.  Remember now, this is all about
> the DNA inclusion.  She asks for the DNA.  I
> said the Judge lost jurisdiction and she says
> I am not the judge.  So she scheduled me for
> another drug screening.  I don't go because
> no one has jurisdiction to the inclusion.  So
> before I am violated I have a talk with
> Probation Attorney Dominic DiMaggio.  And I
> explain to yet another official in the
> criminal justice loop what the Judge Douglas
> Lerose did in his Court and the loss of
> jurisdiction on the inclusion.  So after
> DiMaggio blows me off and says there is
> nothing he can do.  I said "you could send it
> back to court" the judge lost jurisdiction on
> the DNA and he says not my problem.  So two
> weeks later I had him served in civil court.
> He did not respond to the summons.  So
> DiMaggio failed as well under the auspices and
> colors of the state.  And he violated my
> constitutional rights.

(<u>Ravenell III</u>, Compl. at ECF p. 5.)  In the space on the form that

call for a description of any claimed injuries Plaintiff alleges:

> I am a (PWD) the stress alone is enough. May 16, 2017 I fell off the back of a prison bus. Because the state did not protect me from harm. A CO Byzente took my cane from me a detention center DOCS. I injured my head, neck, back, shoulders, knees, and feet.

(Ravenell III, Compl. ¶ IV., at ECF p. 7.)

> For relief, Plaintiff

> want[s] justice. Staff member should be charge for crimes committed against me. Yes the state owes me money damages 1,000,000.00 to start. Because if not for rogue Judge Douglas Lerose and his conspiracy to conviction with his inadmissible evidence that he filed on that probation report. Probation would never had reason to violate my rights. I have filed several complaints with the state.

(Ravenell III, Compl. ¶ V., at ECF p. 7.)

IV. <u>19-CV-2943(JS)(AKT) Ravenell v. Nassau Cty. Corr. Svcs., et al. ("Ravenell IV")</u>

<u>Ravenell IV</u> was also filed on May 16, 2019 together with an application to proceed <u>in forma pauperis</u>. It is submitted on the Court's Section 1983 Complaint form and names the Nassau County Correctional Services Department, Dr. Henning, RN Sandra Jones, Sgt. Cunningham, Cpl. Lanning, and C.O. Byzente as Defendants. Like <u>Ravenell I</u>, <u>II</u>, and <u>III</u>, Plaintiff again complains that he was deprived of due process during the underlying state criminal case. Plaintiff again challenges his conviction by alleging that

inadmissible evidence, namely DNA evidence, was used against him

in violation of his due process rights.  Plaintiff alleges:

> D. Remanded May 16, 2017 by Judge Lerose after
> failed attempts by probation staff to
> extract illegal DNA inclusion sample that
> Judge Lerose lost jurisdiction on illegally
> detained and incarcerated May 16 at DOCS.
> Jail staff took my cane at Court.  And then
> fell off back of bus injured neck, back,
> knees, feet, shoulders.  Then was rushed to
> Nassau hospital.
>
> So after Judge Lerose had probation violate
> for non-compliance in giving a DNA
> inclusion sample that Judge Lerose lost
> jurisdiction before he sentenced me to the
> illegal probation sentence.  While in 72
> hour medical hold on May 18 2017 Sgt.
> Cunningham call me out and said that Judge
> Lerose sent a DNA kit.  And if I take it
> Sgt. Cunningham was authorized to release
> me immediately.  I told the sergeant what
> the Judge can do.  So Sgt. Cunningham at
> the Judge's request also violated my
> amendment and constitutional rights by
> obstructing administrative justice.  By
> trying to coerce me into compliance, when
> they had no jurisdiction.  Returning from
> Nassau medical hospital May 24, 2017, I
> returned in a wheel chair to the medical
> unit at DOCS that's when Corporal Lanning
> put me in Cell 17 with three other inmates.
> This was a four man room with an enclosed
> bathroom toilet which I could not use.
> Cpl. Lanning failed to uphold the states
> colors and DOCS auspices.  When he failed
> to house a disability person in a four man
> room with no toilet accessibility.  Dr.
> Henning also failed to uphold the states
> colors.  She was never supposed to allow a
> disabled inmate in a wheelchair, no access
> to the bathroom in a four man room.  RN
> Sandra Jones upheld the states colors only

14

in giving me medical assistance when I feel
out of wheelchair trying to crawl to
bathroom closed door, hitting me head on
the steel frame of bed and cutting it open
and injuring my back from fall off bus.

May 16, 2017 was removed from medical tier
because I did not wait to be exposed to sick
inmate.  So C.O. Byzente took my cane and
took me to the 72 hour holding cells.  C.O.
Byzente failed to uphold hos colors of state
and the auspices of DOCS when he relieved
me of my walking aid which in turn if I had
had my cane I would have never fallen off
he prison bus.

(Ravenell IV, Compl., D.E. 1, ¶ II., at ECF pp. 5-7.)  In the

space on the form that call for a description of any claimed

injuries Plaintiff alleges:

Same as state in all other filings.  I am a
(PWD).  May 16, 2017 I fell off a prison
escort bus because Officer Byzente took my
cane before transit to next jail.  I injured
my head, neck, back, shoulders, knees, and
feet.

(Ravenell IV, Compl. ¶ IV., at ECF p. 9.)  For relief, Plaintiff

"want[s] justice.  All staff members should be charged
for obstruction of justice.  Yes State owes me money
damages 1,000,000.00 to start because if not for a rogue
Judge Douglas Lerose and his conspiracy to conviction
with inadmissible evidence that he filed on the
probation report probation would never had reason to
violate my rights.  I have also filed several complaints
with the state.

(Ravenell IV, Compl. ¶ V., at ECF p. 9.)

DISCUSSION

I.   In Forma Pauperis Applications

15

Upon review of Plaintiff's declarations in support of his applications to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence Ravenell II, III, and IV without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's requests to proceed in forma pauperis are GRANTED.

## II.  Consolidation

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  FED. R. CIV. P. 42(a).  "The trial court has broad discretion to determine whether consolidation is appropriate."  Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990).  Consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," Johnson, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion," Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 130 (internal quotation marks and citation omitted).

"The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations.  Where there are several competing

16

lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." Kellen Co. v. Calphalon Corp., 54 F. Supp. 2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); accord Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991); First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. See Jacobs, 950 F.2d at 92; First City Nat'l Bank & Trust Co., 878 F.2d at 80; Kellen, 54 F. Supp. 2d at 221.

Here, Plaintiff's Complaints are largely repetitive and certainly involves common issues of law and fact. Accordingly, in the sound exercise of its discretion, the Court orders that Plaintiff's cases be CONSOLIDATED pursuant to Federal Rule of Civil Procedure 42 into the first filed case, 18-CV-6010(JS)(AKT). The Clerk of Court is DIRECTED to: (1) consolidate these actions; and (2) mark the cases assigned Docket Numbers 19-CV-2941, 19-CV-2942, and 19-CV-2943 CLOSED. Any future filings are to be docketed in only 18-CV-6010(JS)(AKT).

III. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous

or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

_Iqbal_, 556 U.S. at 678 (quoting _Twombly_, 550 U.S. at 555).

A.  Heck v. Humphrey Bars Plaintiff's § 1983 Claims
    Challenging the Underlying Criminal Conviction

When a claim for damages under § 1983 calls into question
the validity of an underlying conviction, a district court must
dismiss the claim, unless the conviction has been invalidated.
_Heck v. Humphrey_, 512 U.S. 477, 487, 114 S. Ct. 2364, 2372, 129 L.
Ed. 2d 383 (1994).  The petitioner in _Heck_ was an inmate with a
direct appeal from his conviction pending, who brought a § 1983
action for damages against state officials who, he claimed, acted
unconstitutionally in arresting and prosecuting him.  Drawing an
analogy to the tort of malicious prosecution, the Supreme Court
held that an inmate's § 1983 claim for damages was unavailable
because he could not demonstrate that the underlying criminal
proceedings had terminated in his favor.  _Id._ at 486-87.  The
Supreme Court in _Heck_ enumerated four methods of demonstrating
that a conviction has been invalidated: (1) the conviction was
reversed on a direct appeal; (2) an executive order expunged the
conviction; (3) a habeas corpus petition was issued by a federal
court; or (4) an authorized state tribunal declared the conviction
invalid.  _Id._

Here, as is readily apparent and, affording the _pro se_
Complaints a liberal construction, Plaintiff does not allege that

his conviction has been invalidated.  Because Plaintiff's success on his civil rights claims relating to the criminal prosecution would necessarily invalidate the conviction, which is not alleged to have been reversed or vacated, Plaintiff's Section 1983 claims are not cognizable under Heck.  Thus, Heck's bar precludes the adjudication of Plaintiff's Section 1983 claims[5] that challenge his underlying criminal conviction and they are thus DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).[6]

---

[5] Although "§ 1983 remains a possible remedy when there is no other federal avenue through which to bring a claim", Chillemi v. Town of Southampton, 943 F. Supp. 2d 365, 375 (E.D.N.Y. 2013), Plaintiff has the opportunity to seek habeas relief once his constitutional claims are properly exhausted in state court.

[6] Although Heck bars Plaintiff's claims seeking to impose Section 1983 liability on Judge Lerose, DiMaggio, Gravin, Pecca, Nassau County Legal Aide Society, Taranto, Menoudakos, and Devane, these claims would fail for additional reasons.  Plaintiff's Section 1983 claims seek money damages against Nassau County Probation Department, Judge Lerose, DiMaggio, Gravin, Pecca and are barred by the Eleventh Amendment.  The Eleventh Amendment bars suits brought by a state's own citizens against it in federal court. U.S. CONST. amend. XI.  And, insofar as Plaintiff alleges claims for prospective injunctive relief against Judge Lerose, such claims are barred by absolute judicial immunity.  Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 287, 116 L. Ed. 2d 9 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages.")  Additionally, the Nassau County Legal Aide Society, Taranto, Menoudakos, and Devane are not state actors subject to liability under Section 1983.  "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999) (internal quotation marks and citations omitted).  While private actors may be considered to be

B.     <u>Section 1983 Claims Concerning Plaintiff's Alleged Physical Injuries and/or Medical Care</u>

Apart from the claims relating to the underlying State court criminal prosecution, Plaintiff complains that, on April 19, 2016, he was assaulted by two Nassau County police officers. (18-CV-6010 Suppl. ¶ IV, at ECF p. 7.) However, Plaintiff does not include any Nassau County police officers as Defendants. Plaintiff also alleges that he "slipped at the top of Courthouse stairs and fell down flight rushed to Winthrop." (18-CV-6010 Suppl. ¶ IV., at ECF p. 7.) Further, Plaintiff claims that, on

_____

acting under the color of state law for purposes of § 1983 if the private actor was a "willful participant in joint activity with the State or its agents" or where a private party conspires with a state actor to violate a plaintiff's constitutional rights, <u>Ciambriello v. Cty. of Nassau</u>, 292 F.3d 307, 323-24 (2d Cir. 2002) (internal quotation marks and citations omitted), a "[a] merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." <u>Ciambriello</u>, 292 F.3d at 324 (citations omitted). Moreover, attorneys, whether with the Legal Aid Society, court-appointed, or privately retained, are generally not state actors for purposes of Section 1983. <u>See</u>, <u>e.g.</u>, <u>Polk Cty. v. Dodson</u>, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981); <u>see also</u> <u>Rodriguez v. Weprin</u>, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to [a] defendant [in a criminal proceeding] do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983") (citations omitted). As is readily apparent, even if <u>Heck</u> did not preclude Plaintiff's Section 1983 claims against Judge Lerose, DiMaggio, Gravin, Pecca, the Nassau County Legal Aide Society, Taranto, Menoudakos, and Devane, Plaintiff's sparse and conclusory allegations do not allege a plausible Section 1983 claims against any of these Defendants.

May 16, 2017, he "fell off prison bus at DOCS facility" and that his "head, neck, back, [and] knees [were] injured." (18-CV-6010 Suppl. ¶ IV., at ECF pp. 7, 13.) Finally, Plaintiff alleges that he "suffered a third fall when DOCS staff put me in a cell with no wheel chair access." (18-CV-6010 Suppl. ¶ IV., at ECF pp. 7, 13.)

Though thin, Plaintiff's claims relating to his falls and injuries while in the custody of the Nassau County Department of Corrections shall proceed. Accordingly, the Court ORDERS that the Clerk of the Court issue summonses to Dr. Henning, RN Sandra Jones, Sgt. Cunningham, and Cpl. Lanning and that such summonses SHALL BE FORWARDED to the United States Marshal service together with copies of Plaintiff's consolidated Complaints for service upon these individuals forthwith.

To the extent that Plaintiff seeks relief against the "Nassau County Correctional Services Department", such claims are implausible because it is an administrative arm of Nassau County and thus lacks the capacity to be sued as a separate entity. See, e.g., Clements v. Nassau Cty. Corr. Ctr., 10-CV-0422, 2010 WL 1779985, * 3 (E.D.N.Y. Apr. 30, 2010). Given Plaintiff's pro se status and affording his Complaint a liberal construction, the Court has considered whether Plaintiff has alleged a plausible Section 1983 claim against the municipality, Nassau County, and

finds that he has not for the reasons that follow.

It is well-established that a municipality such as Nassau County cannot be held liable under § 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servs. of N.Y. City, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." Cash v. Cty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); see also Monell, 436 U.S. at 690-91. "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-91 (internal citation omitted).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, see Connick, 563 U.S. at 60-61; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final

23

decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights, see Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," Connick, 563 U. S. at 61; see also Green v. City of N.Y., 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials," Patterson v. Cty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (internal quotation marks and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates." Cash, 654 F.3d at 334 (internal quotation marks and citations omitted); see also Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009) (A municipal custom may be found when "'faced with a pattern of misconduct, [the municipality] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates' unlawful actions.'") (quoting Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007) (second alteration in original)).

Here, even affording the pro se Complaints a liberal construction, there are no factual allegations from which the Court

could reasonably construe a plausible Section 1983 cause of action against Nassau County. Accordingly, the Complaints do not allege a plausible Section 1983 claim against Nassau County.

IV. <u>Leave to Amend</u>

Given the Second Circuit's guidance that a <u>pro</u> <u>se</u> complaint should not be dismissed without leave to amend unless amendment would be futile, <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the defects in Plaintiff's claims against Nassau County Legal Aide Society, Taranto, Menoudakos, Judge Lerose, DiMaggio, Gravin, and Pecca are substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint against these Defendants is DENIED. However, in an abundance of caution, Plaintiff is GRANTED leave to file an Amended Complaint in order to allege any valid claims he may have against the County of Nassau, any individual Nassau County police officers and/or any other proper Defendant. If Plaintiff does not know the names of the individuals he seeks to hold liable, he may name them as "John Doe" or "Jane Doe" in the Amended Complaint and include sufficient factual information concerning these individual(s) such that their identities may be ascertained.

Any Amended Complaint shall be clearly labeled "Amended Complaint", shall bear only the docket number of this Consolidated Action, 18-CV-6010(JS)(AKT), and shall be filed within thirty (30) days from the date of this Order. **Plaintiff is cautioned that an Amended Complaint completely replaces the original.** Therefore, Plaintiff must include any and all claims against any Defendant(s) he seeks to pursue in the Amended Complaint, should he elect to file an Amended Complaint.

CONCLUSION

For the reasons set forth above, Plaintiff's applications to proceed in forma pauperis are GRANTED, and the Complaints are CONSOLIDATED under Docket Number 18-CV-6010(JS)(AKT). The Clerk of Court is DIRECTED to: (1) consolidate these actions; and (2) mark the cases assigned Docket Numbers 19-CV-2941, 19-CV-2942, 19-CV-2943 CLOSED. Any future filings are to be docketed in only 19-CV-6010(JS)(AKT).

Plaintiff's claims against Legal Aide, Nassau County Correctional Services Department, Nassau County Probation Department, Taranto, Menoudakos, Judge Lerose, DiMaggio, Gravin, Devane, and Pecca are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). Plaintiff's claims against Dr. Henning, RN Sandra Jones, Sgt. Cunningham, C.O. Byzente, and Cpl. Lanning

shall proceed and the Clerk of the Court shall issue summonses to these Defendants and such summonses SHALL BE FORWARDED to the United States Marshal service together with copies of Plaintiff's consolidated Complaints for service upon these individuals forthwith.

Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT in accordance with this Order against the County of Nassau and/or any other proper Defendant. Any Amended Complaint shall be clearly labeled "Amended Complaint", shall bear the only Docket Number of this Consolidated Action, 18-CV-6010(JS)(AKT), and shall be filed within thirty (30) days from the date of this Order. Plaintiff is cautioned that an Amended Complaint completely replaces the original. Therefore, Plaintiff must include any and all claims against any Defendant(s) he seeks to pursue in the Amended Complaint, should he elect to file an Amended Complaint.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    October __21__, 2019
          Central Islip, New York